UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                        :

THE PORT AUTHORITY OF NEW YORK AND    :
NEW JERSEY,
                                        :

                      Plaintiff,              :

                                        :       11 CV 5624 (HB)
           - against -              :
                                        :       OPINION & ORDER

KRAFT POWER CORPORATION, f/k/a W.A.      :
KRAFT CORP., AMERICAN EMPLOYERS'
INSURANCE COMPANY, COMMERCIAL         :
UNION INSURANCE COMPANY n/k/a
ONEBEACON AMERICAN INSURANCE          :
COMPANY. CRUM & FORSTER. UNITED
ST ATES FIRE INSURANCE COMPANY,       :
EGERTON-WALLACE ASSOCIATES, INC. f/k/a
CHILD SAVORY -HAWARD, INC. f/k/a       :
SAVORY-HAWARD INSURANCE AGENCY,
INC., , WIlIAM GALLAGHER ASSOCIATES  :
INSURANCE AGENCY, INC.,
                                        :
                    Defendants.        :
                                        :
------------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**

      Before the Court is a motion to dismiss the Amended Complaint pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. The Port Authority of New York and New Jersey ("PA") seeks declaratory judgment regarding its rights and Kraft Power Corporation's ("Kraft") obligations under the contracts between them.[1] For the following reasons, the motion to dismiss is denied, and the case is stayed awaiting resolution of the lawsuit presently pending in the state court in New Jersey.

### I.    BACKGROUND

---

[1] On February 15, 2012, PA filed a Second Amended Complaint, which added insurance companies and insurance brokers believed by PA to be relevant to this suit. The addition of these parties—who PA alleges were retained by Kraft pursuant to the maintenance contracts—and the additional counts for declaratory judgment as to them does not affect the resolution of this motion.

This case arises out of a pending personal injury lawsuit in state court in New Jersey for exposure to asbestos. Jacqueline Do, the plaintiff in the New Jersey action, asserts that she was exposed to asbestos brought home on the clothing and person of her late husband who was employed by Kraft and worked at PA sites pursuant to maintenance contracts between Kraft and PA. Ms. Do has named Kraft, PA, and numerous other parties as defendants, and the defendants have in turn brought cross-claims against one another. PA now sues in the Southern District of New York for declaratory judgment to determine the indemnity obligations of Kraft for the claims brought against PA by third parties alleged to have arisen from the performance of the maintenance contracts, including those brought by Ms. Do in the New Jersey action.

## II.   DISCUSSION

### A.   Dismissal under the First-to-File Doctrine

Kraft moves to dismiss pursuant to Rule 12(b)(3) and argues that this district is the wrong forum for the present action because the Do case was filed first, and therefore the New Jersey action takes precedence. PA responds that the issues before the Court here and the state court in New Jersey are dissimilar, rendering the first-to-file rule inapplicable, or, in the alternative, that the exceptions under the rule apply. The parties have made a not uncommon mistake in misapplying the first-to-file doctrine to concurrent state/federal litigation. The first-to-file doctrine applies where there is concurrent *federal* litigation, not where a federal court contends with concurrent state litigation. This is not, I might add, a new concept. *See Violet Pot, LLC v. Lowe's Companies, Inc.*, Civil No. 06-4138(NLH), 2007 WL 894187, at *2 (D.N.J. 2007) ("[W]here two federal lawsuits are pending that address the same parties and issues, the 'first-filed' rule comes into play. The first-filed rule provides that in all cases of *federal* concurrent jurisdiction, the court which first has possession of the subject must decide it." (emphasis added) (internal quotation marks omitted) (citing *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941))). Put another way, the cases relied on by both parties in their briefs are instances of concurrent federal jurisdiction and are inapplicable here.

Accordingly, Kraft's motion to dismiss is denied.

### B.   Abstention—The Proper Analytical Framework

Abstention under *Colorado River* and *Brilhart/Wilton* spells out when "a federal court may stay or dismiss an action on the sole ground that there is a similar action pending in state

court in which the controversy between the parties can be resolved." 17A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4247 (rev. 3d ed. 2011).

    *i.*    Which Standard Applies

A district court may consider and decline jurisdiction in a declaratory judgment action *sua sponte*. *DDR Const. Services, Inc. v. Siemens Industry*, 770 F. Supp. 2d 627, 655 (S.D.N.Y. 2011). Generally speaking, the abstention doctrine holds only "a few 'extraordinary and narrow exception[s]' to a federal court's duty to exercise its jurisdiction." *Woodford v. Cmty. Action Agency of Greene County, Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976)). The Declaratory Judgment Act, however, confers upon federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942)); *see also* 28 U.S.C.A. § 2201 ("[A district court] *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." (emphasis added)). Where courts are faced with a declaratory judgment action and there is a pending action in state court, under *Brillhart/Wilton* they may exercise considerable discretion in deciding whether to stay or dismiss the claims. However, when an action includes both declaratory and non-declaratory claims, a district court must determine which standard applies—the heightened standard under *Colorado River* or the discretionary standard under *Brillhart/Wilton*.

There is a circuit split in the standard that district courts should employ when faced with actions that potentially include both declaratory and non-declaratory claims. *See generally R.R. Street & Co. v. Vulcan Materials Co.*, 569 F.3d 711 (7th Cir. 2009). In some circuits, *Brillhart/Wilton* may apply to the entire action where the claims seeking non-declaratory relief are dependent on the declaratory claims. *See id.* at 716–17. While the Second Circuit has not yet addressed this specific issue, it has stated, in a footnote, that the discretionary standard under *Brillhart/Wilton* does not apply to an entire federal action where the plaintiff does not seek purely declaratory relief. *Village of Westfield v. Welch's*, 170 F.3d 116, 124 n.5 (2d Cir. 1999). What is unresolved in this circuit is what constitutes "purely declaratory relief."

PA seeks declaratory judgment as to its contractual relationship with Kraft, that is, does Kraft have a duty to defend and indemnify PA against claims by third parties arising under the maintenance contract between Kraft and PA, and did Kraft have a duty to purchase

3

comprehensive liability insurance and to name PA as a beneficiary. Amended Compl. ¶¶ 43–54. A complicating factor, however, is that PA fails to lay out distinct claims for anything other than declaratory relief but does mention damages and indemnification as part of the relief that the Court might deem appropriate in adjudicating the declaratory judgment action.[2] Damages may be awarded pursuant to the Declaratory Judgment Act itself. *See, e.g.*, *Fred Ahlert Music Corp. v. Warner/Chappell Music, Inc.*, 155 F.3d 17, 25 (2d Cir. 1998). Costs and expenses that PA did request are "contingent upon a threshold finding" of Kraft's obligations under the contract and "stem from the underlying request for declaratory relief." *Gen. Star Intern. Indem. Ltd. v. Chase Manhattan Bank*, No. 01 CIV. 11379 AGS, 2002 WL 850012 at *5 (S.D.N.Y. May 3, 2002). PA's complaint, therefore, must be read as to seek only the declaratory relief as articulated in its two counts.

This view is bolstered by PA's own characterization of its suit. PA, in its brief opposing Kraft's motion to dismiss, states that

> [t]his declaratory judgment action seeks to establish The Port Authority's rights under the terms of contracts . . . which required Kraft to not only indemnify The Port Authority against all claims . . . arising or alleged to arise out of or in connection with the performance of the Contract . . . , but also to furnish insurance naming The Port Authority as an additional insured.

Pl.'s Opp'n 1 (internal quotation marks omitted). PA goes on to distinguish the New Jersey action, stating that "the instant action is strictly one for declaratory judgment, where The Port Authority is asking this Court to establish its rights and Kraft's obligations under the Contracts." *Id.* at 6.

Furthermore, it is unclear what would be left in the suit were I to try to selectively apply *Brillhart/Wilton* to only the declaratory claims. The Second Circuit has endorsed the application of the discretionary *Brillhart/Wilton* standard in abstaining from considering a request for declaratory judgment, while retaining jurisdiction to adjudicate interpleader issues raised in the complaint. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp*, 108 F.3d 17 (2d Cir. 1997). And in *Welch's* as well as district court opinions declining to apply *Brillhart/Wilton*, the courts were

---

[2] "The Port Authority . . . pray[s] for declaratory judgment . . . and that Plaintiff recover all damages, its costs this declaratory judgment action, the underlying personal injury action, including reasonable attorneys' fees, and all legal fees and expenses for the defense of the underlying lawsuit, to indemnify The Port Authority for any award, judgment, damages in the underlying lawsuit, and for such other relief as the Court deems appropriate." Amended Compl. 9.

asked to abstain from entertaining the entirety of the claims in those cases; cases that clearly included independent non-declaratory claims. *See Travelers Indemnity Co. v. Liberty Medical Imaging Associates*, No. 07-CV-2519 (CPS)(JMO), 2009 WL 962788, at *4–5 (E.D.N.Y. Apr. 8, 2009) (discussing application of *Brillhart/Wilton* standard to declaratory claims within a broader action).

The narrow issue that needs to be resolved now is whether the complaint even contains independent claims for non-declaratory relief or whether the action can be properly construed as seeking purely declaratory relief. A court in the Southern District of New York interpreted the law in this Circuit to allow for the *Brillhart/Wilton* standard to be applied where a plaintiff seeks damages that are contingent upon a threshold finding of the declaratory claims. *See Gen. Star Intern. Indem. Ltd. v. Chase Manhattan Bank*, No. 01 CIV. 11379 AGS, 2002 WL 850012, at *5 (S.D.N.Y. May 3, 2002). While the court believed it was entitled to exercise such discretion, it nonetheless abstained under the more exacting *Colorado River* standard. In upholding the abstention, the Second Circuit noted the district court's observation but did not comment further. *See Gen. Star Intern. Indem., Ltd. v. Chase Manhattan Bank*, 57 Fed. App'x 892, 893 n.1 (2d Cir. 2003). I agree with the district court's observation in *General Star* that *Welch's* does not apply where the action does not include independent non-declaratory claims because the action remains purely declaratory. The test recently described by the Seventh Circuit, therefore, seems the most appropriate for the case now before me, as well as the most consistent with the law in this Circuit. The Seventh Circuit stated that:

> A claim for non-declaratory relief is "independent" of the declaratory claim if: 1) it has its own federal subject-matter-jurisdictional basis, and 2) its viability is not wholly dependent upon the success of the declaratory claim. If a claim satisfies this test, then the district court's "virtually unflagging obligation" to exercise jurisdiction over a non-declaratory claim is triggered.
>
> In other words, this test requires a court to adjudicate non-declaratory claims if it determine[s] . . . there are claims in the case that exist independent of any request for purely declaratory relief, that is, *claims that would continue to exist if the request for a declaration simply dropped from the case*. Otherwise, if, after factoring out the requested declaratory relief, there are no viable non-declaratory claims, then the district court may abstain from the entire action under *Wilton/Brillhart* without running afoul of its near-unwavering obligation to hear claims within its jurisdiction.

5

*Id.* at 716–17 n.6 (internal citation and quotation marks omitted). As stated above, the damages and indemnification requested by PA are wholly dependent upon the success of the declaratory claim. For this reason, there are no independent non-declaratory claims at issue in this case, and the concerns raised in *Welch's* are inapplicable here.

Because the relief requested by PA follows directly from the two claims brought under the Declaratory Judgment Act, the action is purely declaratory, and the discretionary standard under *Brillhart/Wilton* applies.[3] *See Travelers Indemnity Co.*, 2009 WL 962788, at *4; *Gen. Star*, 2002 WL 850012 at *5.

    ii.    Abstention under Brillhart/Wilton

There is "nothing automatic or obligatory about the assumption of 'jurisdiction' by a federal court to hear a declaratory judgment action." *Wilton*, 515 U.S. at 288. "[W]here another suit involving the same parties and presenting the same opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in gratuitous interference if it permitted the federal declaratory action to proceed." *Id.* at 283 (internal citation and quotation marks omitted).

The claims here are intimately tied to pending litigation in state court. Much like a dispute between an insured and an insurer, PA seeks a declaratory judgment regarding Kraft's contractual obligations in relation to PA's liability pursuant to state law claims in New Jersey. *See Wilton*, 515 U.S. at 279–83. Matters of state law will inevitably arise in the action here, such as PA's own negligence and the validity of the indemnification clause in the contract. While it is possible that the question of whether Kraft was obligated to procure insurance and name PA as a beneficiary is an issue that can stand apart from the litigation in New Jersey, the New Jersey action completely subsumes the present suit. The New Jersey action includes both Kraft and PA as defendants, as well as numerous other parties, and raises additional issues for PA that are

---

[3] The Court is confident in relying on *Wilton/Brilhart*. However, given the nature of this case, it is likely that the same result would follow under the more exacting *Colorado River* analysis. PA's negligence, if any, will most likely have considerable bearing on both the cross-claims in the New Jersey action and the obligations under the contracts at issue here. To avoid piecemeal litigation, and in light of the facts that the New Jersey action was filed first and is capable of adequately protecting the rights of PA, abstention is proper. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15–16 (1983) (noting that a court may consider (1) the assumption of jurisdiction by either court over any *res* or property; (2) the inconvenience of the federal forum; (3) the order in which jurisdiction was obtained; (4) the avoidance of piecemeal litigation; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction).

unrelated to the contractual questions here. *See* Def.'s Reply 7. Further, because this action is but a subset of the asbestos case, there is the real possibility of creating piecemeal litigation and inconsistent determinations. For instance, PA demands indemnification under its contract with Kraft for the claims against it in the state action; some of these claims likely exceed the scope of their relationship. *See id.* (noting that the liability suit includes claims for exposure at PA locations where Kraft was not active). Additionally, questions in this suit could be litigated more fully and adequately after proceedings in New Jersey have run their course.

Other factors also suggest that a stay is appropriate. The suit presents only issues of state law, and the New Jersey action was filed first and has progressed further than this one. PA suggests that this case could be more efficiently handled here, as the contractual questions between Kraft and PA will not be lost in the mix of issues and parties in the New Jersey action. Pl's Opp'n 2–3. However, this one consideration is insufficient to overcome the weight of the other factors, particularly where Kraft's potential indemnity obligations will be affected by the very issues and other parties involved in the state suit. But because PA raises claims here that might not be resolved fully in the New Jersey action, a stay is appropriate. *See Wilton*, 515 U.S. at 288 at n.2 ("We note that where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy.").

### III. CONCLUSION

For the reasons stated above, Kraft's motion to dismiss is DENIED. This case is stayed pending resolution of those issues that concern Kraft and PA in the New Jersey action at which time the parties will notify the Court forthwith. The Clerk of the Court is instructed to close the motion and to place this case on my suspense calendar.

SO ORDERED.
March 13, 2012
New York, New York

HAROLD BAER, JR.
**United States District Judge**